IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER URBA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-1332-MJR-PMF |
| | ) |
| AMERICAN EQUIPMENT & | ) |
| MACHINE, INC., | ) |
| ANDREW COX, and | ) |
| TRACEY HANEY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

  A. **Introduction and Procedural Overview**

  In October 2015, Christopher Urba sued three defendants in the Circuit Court of Marion County, Illinois: (1) American Equipment & Machine, Inc., (2) Andrew Cox, and (3) Tracey Haney. Urba alleged that American Equipment fired him in retaliation for filing a workers' compensation claim (Count I), and that Cox (Urba's immediate supervisor) and Haney (Supervisor of the Human Resources Department) maliciously "interfered with Urba's economic relationship with American Equipment" by terminating Urba or causing him to be terminated (Counts II and III; Doc. 1-1, pp. 3-4).

  American Equipment timely removed the case, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, which confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the action is between citizens of different states.

On threshold jurisdictional review, the undersigned found the amount in controversy sufficient[1] but questioned whether the parties are completely diverse. The record on removal indicated that Plaintiff is an Illinois citizen, and Defendant American Equipment is a citizen of West Virginia and Ohio. The removal notice did not identify the citizenship of Defendants Cox and Haney. American Equipment asserted that Cox and Haney were fraudulently joined, so their citizenship should be disregarded. The Court ordered American Equipment to identify Cox and Haney's citizenship and ordered Plaintiff to file a jurisdictional memorandum addressing the fraudulent joinder argument. American Equipment supplemented the removal notice and also moved to dismiss Count I for failure to state a claim. Plaintiff filed a jurisdictional memorandum and a remand motion. The issues were fully ripe as of March 1, 2016.

The first question is whether this Court enjoys subject matter jurisdiction. Plaintiff says no, and moves to remand. Defendant says yes, once the improperly joined defendants (Cox and Haney, both Illinois citizens like Plaintiff) are dismissed. Analysis starts with the principles governing fraudulent joinder.

B. **Analysis**

A removing defendant must clear a high hurdle to establish fraudulent joinder. In *Schwartz v. State Farm Mutual Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**, the

---

[1] The party seeking the federal forum bears the initial burden of establishing by a preponderance of the evidence facts that suggest the amount in controversy has been satisfied. Once the party makes that showing, "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll v. Stryker Corp.*, **658 F.3d 675, 680-81 (7th Cir. 2011)**, *citing Oshana v. Coca-Cola Co.*, **472 F.3d 506, 511 (7th Cir. 2006), and *Back Doctors Ltd. v. Metro. Prop. and Cas. Co., Inc.*, **637 F.3d 827, 830 (7th Cir. 2011).**

Seventh Circuit explained that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat diversity jurisdiction. "Such joinder is considered fraudulent … if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id., quoting Poulos v. Naas Foods, Inc.,* **959 F.2d 69, 73 (7th Cir. 1992).**

The Seventh Circuit reiterated this principle over twenty years later in ***Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013):**

> Under the fraudulent joinder doctrine …, an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has "no chance of success." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992); *see also Walton v. Bayer Corp.,* 643 F.3d 994 (7th Cir. 2011); *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009)…. The doctrine is designed to "strike a reasonable balance among the policies to permit plaintiffs the tactical prerogatives to select the forum and the defendants they wish to sue, but not to reward abusive pleading by plaintiffs, and to protect the defendants' statutory right to remove."[2]

Demonstrating fraudulent joinder is not easy. The removing defendant must show that, *after resolving all issues of fact and law in favor of the plaintiff,* the plaintiff cannot establish any cause of action against the in-state defendant. ***Morris*, 718 F.3d at 666.** Last year, the Seventh Circuit again highlighted the demanding "no chance of success" nature of the fraudulent joinder standard: "A party seeking a different forum on the

---

[2] A defendant removing a case based on diversity must satisfy the requirements of § 1332(a) *and* not run afoul of 28 U.S.C. 1441(b)(2), the "forum defendant rule." ***Morris*, 718 F3d at 665,** *citing Hurley v. Motor Coach Industries, Inc.,* **222 F.3d 377, 378 (7th Cir. 2000).** That rule (nonjurisdictional in nature) says that a civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) may not be removed if any "properly joined and served" defendant is a citizen of the state in which the action is brought. *Id.*

basis of fraudulent joinder bears a heavy burden to show that, after resolving all issues of fact and law in favor of the non-moving party, the non-moving party cannot establish a cause of action." *Thornton v. M7 Aerospace LP,* **796 F.3d 757, 765 (7th Cir. 2015).**

> If the removing defendant can meet this "heavy burden," … the federal district court considering removal may "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763. Because the district court may "disregard" the nondiverse defendant, we have described the fraudulent joinder doctrine as an "exception" to the requirement of complete diversity. *See Walton,* 643 F.3d at 999.

*Morris***, 718 F.3d at 666.**

So the question in the case at bar is whether, after resolving all factual and legal issues in Plaintiff's favor, Plaintiff can establish any cause of action against Defendants Cox and Haney, both of whom are alleged to have been Plaintiff's supervisors. Count II (against Cox) and Count III (against Haney) allege claims of interference with Plaintiff's economic relationship with American Equipment.

American Equipment argues Plaintiff has no cause of action against Cox and Haney for interference with employment expectation, because to support a viable claim, the interference must be between a plaintiff and a third party (not a plaintiff and his own employer). Plaintiff counters that, under certain circumstances, a cause of action does lie and that this case fits within those circumstances.

Illinois caselaw refers to this cause of action as a claim for "intentional interference with business expectancy" or "tortious interference with prospective

economic advantage."[3] To state a cause of action for tortious interference with prospective economic advantage under Illinois law, a plaintiff must allege that the defendant purposefully interfered with and defeated the plaintiff's legitimate expectation of continuing (or entering) a valid business relationship, causing plaintiff damages. *Frierson v. Univ. of Chicago*, **2015 WL 7771030, \*3 (Ill. App. Dec. 2, 2015),** *citing Soderlund Brothers, Inc. v. Carrier Corp.,* **663 N.E.2d 1, 7-8 (Ill. App. 1995).**

> Put another way:
>
> To state a cause of action for tortious interference with business relations and prospective economic advantage, a plaintiff must allege: (1) the existence of a valid business relationship or "reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference."…

*Forza Techs., LLC v. Premier Research Labs, LP,* **2015 WL 6500375, \*5 (Ill. App. Ct. Oct. 27, 2015),** *unreported decision citing Voyles v. Sandia Mortgage Co.,* **751 N.E.2d 1126 (Ill. 2001), and** *O'Brien v. State Street Bank & Trust* **Co., 401 N.E.2d 1356 (Ill. App. 1980).**[4]  *Accord Foster v. Principal Life Ins. Co.,* **806 F.3d 967, 971 (7th Cir. 2015).**

Those cases discussed the elements of the cause of action in terms of what must be pled to state a cause of action under Illinois law. To prevail on a claim of intentional interference with prospective economic advantage in Illinois, the plaintiff must

---

[3] Illinois cases hold that at-will employees (who have no enforceable contractual right to employment) must plead tortious interference with *prospective business expectancy* rather than tortious interference with *contract*. **See, e.g., Fellhauer v. City of Geneva, 568 N.E.2d 870, 877 (Ill. 1991).**

establish: (1) a valid business relationship or a reasonable expectation of entering a valid business relationship, (2) defendant's knowledge of that expectation, (3) defendant's purposeful interference that prevented plaintiff's legitimate expectation from becoming a valid business relationship, and (4) damages resulting from their interference. *Atanus v. Am. Airlines, Inc.*, **932 N.E.2d 1044, 1048 (Ill. App. 2010).**

It is true that the plaintiff must allege (and ultimately prove) a business expectancy with a certain third party, such as an identifiable company. *Schuler v. Abbott Laboratories,* **639 N.E.2d 144, 147 (Ill. App. 1993).** *See also Ali v. Shaw*, **481 F.3d 942, 945-46 (7th Cir. 2007) (cause of action for tortious interference in Illinois requires a plaintiff to allege a business expectancy with a specific third party plus action by the defendant directed towards that third party).** And, as to the third-party requirement, a corporate employer cannot interfere with its own business relationship with its employee. *Vickers v. Abbott Laboratories,* **719 N.E.2d 1101, 1116 (Ill. App. 1999).**

Thus, as a general rule, it is "settled law that a party cannot tortiously interfere with his own contract; the tortfeasor must be a third party to the contractual relationship." *Nation v. Am. Capital, Ltd.*, **682 F.3d 648, 652 (7th Cir. 2012),** *citing Douglas Theater Corp. v. Chi. Title & Trust Co.,* **681 N.E.2d 564, 567 (1997).** *Accord Quist v. Bd. of Trustees of Cmty. Coll. Dist. No. 525,* **629 N.E.2d 807, 812 (Ill. App. 1994) (a party cannot tortiously interfere with** *its own* **contract).**

An exception to this rule allows a claim where a corporate officer interferes with an employee's employment with the corporation. "Specifically, where the officer acts

'solely for their own gain or solely for the purpose of harming plaintiff,' the officer's conduct may support a tortious interference claim, 'since such conduct is not undertaken to further the corporation's interest.'" *Frierson* **at \*3.** To be tortious, the "corporate officer's action must be done without justification or maliciously." *Id.*

In the case at bar, Plaintiff has alleged each of the four elements needed to state a cause of action for tortious interference with prospective economic advantage – his reasonable expectation of a continued/future job with American Equipment, Cox and Haney's knowledge of that expectation, Cox and Haney's purposeful interference that caused Plaintiff to be fired, and damages to Plaintiff resulting therefrom. But that's not all. He has also specifically alleged that Cox and Haney "acted maliciously with personal animosity against Urba" and acted solely for their "own personal interest contrary to those of American Equipment" (Doc. 1-1, p. 3).

Illinois law recognizes a tortious interference claim where a corporate officer (or, by analogy, supervisory official within a business) acts solely for his own personal gain or solely for the purpose of harming the plaintiff -- i.e., the conduct is *not* undertaken to further the corporation's interest or to benefit the company. *Frierson* **at \*3.** *See also Fellhauer v. City of Geneva*, **568 N.E.2d 870, 878 (Ill. 1991).**

Here, the mere fact that Cox and Haney were Plaintiff's supervisors does not doom his claims against them. Plaintiff maintains that Cox and Haney were acting utterly for their own malicious purposes -- not in good faith on behalf of the company or according to any company policy, but purposefully and maliciously to harm plaintiff

(i.e., to destroy his economic relationship with American Equipment). *See Vickers*, **719 N.E.2d at 1116.**

This is not a suit in which a plaintiff endeavors to sue his supervisor for retaliatory discharge. Such an action would not lie against a supervisor under Illinois law, as the undersigned has held in prior cases raising fraudulent joinder issues. *See, e.g., Crowell v. LaPetite Academy, Inc., et al.,* **Case No. 15-cv-0423-MJR-PMF, Doc. 13, pp.2-3,** *citing Buckner v. Atlantic Plant Maintenance, Inc.,* **695 N.E.2d 565, 570 (Ill. 1998) (a plaintiff's former employer is the sole proper defendant in an Illinois retaliatory discharge action).** Here Plaintiff Urba asserts a claim for intentional interference with economic advantage.

Urba alleges conduct by two identifiable third parties, each of whom "maliciously sticks his nose into the economic relationship between an employee and an employer and causes the employee to lose her job." *Ali*, **481 F.3d at 945.** And he is prepared to present evidence to the trier of fact to support this. He tendered supplemental materials (memos from his personnel file, *see* Docs. 29, 35) to buttress the claim that Cox and Haney harbored disdain for him and acted purely out of malice and contempt – not in furtherance of the company's interest – in firing him.

Illinois law recognizes a cause of action for malicious, purposeful interference with the relationship between an employee (such as Urba) and his employer (such as American Equipment). After resolving all issues of fact and law in favor of Plaintiff Urba, the undersigned cannot conclude that Urba "cannot establish any cause of action against the in-state defendant[s]." *Morris*, **718 F.3d at 666.** It is premature to predict

whether Urba will prevail, but he has a reasonable possibility of success against Cox and Haney on his claim for tortious interference.

C. **Conclusion**

Fraudulent joinder has not been demonstrated. Cox and Haney are properly joined. That leaves two Illinois citizens as defendants, and an Illinois citizen as a plaintiff. Diversity is not complete. Because this Court lacks subject matter jurisdiction, the undersigned **GRANTS** Plaintiff's January 7, 2016 remand motion (Doc. 14) and **REMANDS** this case to the Circuit Court of Marion County, Illinois. The Court **DENIES for lack of subject matter jurisdiction** American Equipment's Rule 12(b)(6) dismissal motion (Doc. 10).

IT IS SO ORDERED.

DATED March 11, 2016.

s/ **Michael J. Reagan**
Michael J. Reagan
United States District Judge